UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20882-CIV-MOORE/SIMONTON

JOSE GUERRA, et al.,

    Plaintiffs,

v.

PROFESSIONAL PLUMBING CORP.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Presently pending before the Court is Defendant's Motion to Compel Production of Documents (DE # 57). Plaintiffs filed a response (DE # 60). All pretrial discovery matters are referred to the undersigned Magistrate Judge (DE # 6). Based upon a careful review of the record and for the reasons stated herein, Defendant's motion to compel is GRANTED.

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* In the Complaint, Plaintiffs allege that they are plumbers who worked for Defendant between February 2006 and January 2009; and, that Defendant failed to pay them overtime wages as required by law (DE # 1 at 17-25).

According to the instant motion to compel, Defendant sought, in its First Request for Production No. 8, "Plaintiffs' income tax returns, and all accompanying schedules, for calendar years 2006, 2007 and 2008," because it believes that those materials "will show deductions and related expenses that would contradict Plaintiffs' claims, including, but not limited to, the number of hours they allegedly worked" (DE # 57 at 2-3).

Plaintiffs object on the grounds that, if Defendant seeks information relating to

their business expenses, then Defendant should have specifically asked for "Plaintiffs' 'professional business expense records,'" rather than the tax returns, which contain private information concerning the Plaintiffs and their spouses (DE # 60).

The undersigned concludes that Plaintiffs' tax records must be produced. First, the tax records sought by Defendant clearly fit within the broad definition of relevance under Federal Rule of Civil Procedure 26, which provides that a party is entitled to discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b); *see also Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) (affirming order compelling discovery of tax returns over producing parties' objection that the tax records were private as well as cumulative of their W-2 and 1099 forms that had already been produced).

Moreover, as a general rule, the mere possibility that information sought in discovery might be available from a different source or by asking for a different set of documents – i.e., Plaintiffs' "professional business expense records" – does not render the discovery request objectionable. *Cent. Transp. Int'l, Inc. v. Global Advantage Distrib., Inc.*, No. 2:06-CV-401-FTM-29SPC, 2007 WL 3124715, at *2 (M.D. Fla. Sept. 11, 2007).

While Plaintiffs suggest that the private nature of the tax returns serves as a basis for limiting Defendant's discovery request pursuant to Federal Rule 26(b)(2), they do not identify what documents would comprise their "professional business expense records," nor do they explain how the information contained in those unidentified documents would adequately substitute for the information contained in the tax records sought by Defendant.

The undersigned is, however, cognizant of the fact that these documents may

contain sensitive and private financial information relating to the Plaintiffs and their spouses.  Therefore, Defendant is required to ensure that any tax records produced by Plaintiffs pursuant to this Order are treated with discretion, and this information shall not be shared with or divulged to any individual or entity for any reason outside this litigation.  Therefore, based upon a review of the record as a whole and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel (DE # 57) is **GRANTED**.  On or before September 8, 2009, Plaintiffs shall produce all records within their possession, custody or control that are responsive to Plaintiffs' First Request for Production No. 8.  Defendant is required to ensure that the private financial information produced by Plaintiffs is treated with discretion, and this information shall not be shared with or divulged to any individual or entity for any reason outside this litigation, in addition to any other voluntary measures that the parties agree are appropriate to protect the private information provided by Plaintiffs in response to Defendant's request for production.

**DONE AND ORDERED** in chambers in Miami, Florida on August 27, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable K. Michael Moore,
    United States District Judge
All counsel of record